CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Ch'ville
JAN 0 2 2008
JOHN F. CORCORAN, CLERK
Y. Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JAMES BOLEN MOOREFIELD, Petitioner, | ) ) ) | Criminal Case No. 3:04cr00088-1 Civil Action No. 3:07cv80010 |
| v. | ) ) ) | By: Hon. Norman K. Moon United States District Judge |
| UNITED STATES OF AMERICA, Respondent. | ) ) | **2255 MEMORANDUM OPINION** |

Petitioner James Bolen Moorefield, a federal inmate proceeding pro se, filed this "Petition for a Writ of Error Coram Nobis, Pursuant to 28 U.S.C. 1651(a), in Aid of Courts Original Jurisdiction Pursuant to 18 U.S.C.A. 3231." By Order entered November 30, 2007, the court notified Moorefield of the court's intention to construe and address his petition as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, unless he expressly objected to the court's intended construction within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). The court also notified Moorefield that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Moorefield did not object to the court's construction and did not respond on the issue of timeliness. The court finds that Moorefield's motion is barred by the one-year state of limitations for filing a § 2255 motion, and therefore, dismisses his motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

I.

On November 3, 2005, a jury in the Western District of Virginia found Moorefield guilty of

---

[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3); and being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9). On January 31, 2006, the court sentenced Moorefield to 36 months on each count, with said terms to run concurrently. Moorefield did not appeal his convictions. Moorefield filed the instant motion on November 16, 2007.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Accordingly, Moorefield's conviction became final on February 14, 2006, when his time to file an appeal to the United States Court of Appeals for the Fourth Circuit expired. Therefore, a timely § 2255 petition would have to have been filed by no later than February 14, 2007. Moorefield does not offer any evidence to show that he was in any way prevented from timely filing a § 2255 motion. Furthermore, he has failed to allege any facts to show any other circumstances that would toll or start the statute running anew. Accordingly, the court finds Moorefield's motion untimely.

## III.

For the reasons stated, the court dismisses Moorefield's § 2255 Motion to Vacate, Set Aside,

2

or Correct Sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 2nd day of January, 2008

*Norma O Moon*
United States District Judge