CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 0 3 2008  C-Ville
JOHN F. CORCORAN, CLERK
BY: /s/
 DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Action No. 3:04-cr-00088 |
| | ) | Civil Action No. 3:07-cv-80010 |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **JAMES BOLEN MOOREFIELD.** | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

This matter is before the court upon James Bolen Moorefield's "Motion to Correct Interpretation of Writ of Error Coram Nobis," and "Petition for a Writ of Error Coram Nobis." Moorefield previously filed an identical "Petition for a Writ of Error Coram Nobis" on November 23, 2007. By Order entered November 30, 2007, the court notified Moorefield of the court's intention to construe and address his petition as a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, unless he expressly objected to the court's intended construction within ten (10) days. See Castro v. United States, 540 U.S. 365 (2003) (requiring court to give petitioner the opportunity to elect whether a criminal motion will be addressed as a § 2255 motion). The court also notified Moorefield that his § 2255 Motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his Motion. Moorefield did not respond. Accordingly, over thirty days later, by Memorandum Opinion and Order entered January 2, 2008, the court construed Moorefield's Motion under § 2255, determined that his Motion was barred by the one-year statute of limitations for filing § 2255 claims, and dismissed the Motion as untimely, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

Thereafter, Moorefield filed the current "Motion to Correct Interpretation of Writ of Error

Coram Nobis," which this court construes as a Motion for Reconsideration of the court's January 2, 2008 Order. In his Motion, Moorefield states that he "openly contests the fact that" he received the court's November 30, 2007 Conditional Filing Order. Out of an abundance of caution, the court will credit Moorefield's contention.[1] Accordingly, Moorefield's Motion for Reconsideration will be granted and the January 2, 2008 Memorandum Opinion and Order will be vacated.

Therefore, Moorefield's "Petition for a Writ of Error Coram Nobis" will be considered separately and on its own merits. The Writ of Coram Nobis, brought under the All Writs Act, 28 U.S.C.A. § 1651 (West 2006), survives in the criminal law context as an "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve justice." See United States v. Morgan, 346 U.S. 502, 511 (1954); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate").

Section 1651(a) provides that a court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, a Writ of Coram Nobis is available only when the petitioner is not in custody. See United States v. Smith, 77 F. App'x 180 (4th Cir. 2003) (citing United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001)). "Moreover, the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle, 517 U.S. at 429 (internal citations

---

[1] The court notes that it contacted Moorefield's place of confinement, Federal Correctional Institution Beckley ("FCI Beckley"), and determined that the facility only maintains an incoming mail log of legal and certified mail. According to FCI Beckley, letters from the United States District Court do not qualify as "legal mail." Accordingly, the court finds that Moorefield is unable to provide documentary proof that he did not receive a copy of the November 30, 2007 Conditional Filing Order.

omitted). The fact that a petitioner has foregone his opportunity to proceed under the intended statutory authority does not render the All Writs Act controlling authority for his claims of an illegal sentence. Id.; see also In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (noting that a writ of error coram nobis can be used to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available).

Because Moorefield is presently in federal custody, coram nobis relief is unavailable. Moreover, his current claims allege that his criminal conviction and sentence are illegal, based on violations of the Due Process Clause of the Fourteenth Amendment. These claims are of the sort for which Congress enacted § 2255, and that statute is controlling.[2] Therefore, the court finds no ground on which Moorefield is entitled to a Writ of Coram Nobis.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order to Moorefield.

ENTER: This 3rd day of April, 2008.

United States District Judge

---

[2] Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255. Clearly, § 2255 is the statutory vehicle designed for federal inmates pursuing a collateral attack on their convictions on jurisdictional grounds or on grounds of trial court error.